## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  15-CV-24602

| | |
|---|---|
| CARLOS G. BRITO, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NOPI ENTERPRISES, INC. d/b/a | ) |
| PIZZA RUSTICA | ) |
| | ) |
|       Defendant, | ) |
| | ) |

### COMPLAINT

Plaintiff CARLOS G. BRITO ("**Plaintiff**"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FADAI**"), hereby sues Defendant NOPI ENTERPRISES, INC. d/b/a PIZZA RUSTICA ("**Defendant NOPI**") for injunctive relief and states:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2.      This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FADAI.

3.      Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

4.      Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5.      Plaintiff is a qualified individual under the ADA and the FADAI because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

6.      Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

7.      Defendant NOPI is Florida corporation having its main place of business in Miami, Miami-Dade County, Florida.

8.      Defendant NOPI is the owner, lessor, or lessee of real property (and the improvements made thereon) located at 863 Washington Ave, Miami, Florida 33139 (the "**Subject Premises**", "**Facility**", or "**Restaurant**").

## GENERAL ALLEGATIONS

9.      The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a restaurant.

10.     As a place of public accommodation, Defendant was required to remove from the Subject Premises and related facilities, architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

11.     Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

12.     Accordingly, Defendant was required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises was readily accessible to and useable by individuals with disabilities such as Plaintiff.

13.     Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FADAI and discriminating against individuals with disabilities.

14.     In or about November 2015, Plaintiff visited the Subject Premises to purchase food and encountered architectural barriers.

15.     Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendant; however, he was subjected to discrimination by Defendant on the basis of his disability due to Defendant's ADA and FADAI violations.

16.     Plaintiff was not able to avail himself of the various amenities at the Restaurant, such as the Restroom, otherwise offered to able bodied individuals by Defendant.

17.     Plaintiff shall return to the Subject Premises once the barriers violating the ADA and the FADAI are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Restaurant.

18.     Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FADAI, unless the injunctive relief requested herein is granted.

19.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA and the FADAI by Defendant if said violations are not corrected and made compliant.

20.     Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

21.     Plaintiff desires to visit the Subject Premises again, not only to purchase food, but to assure himself that the Subject Premises is in compliance with the ADA and the FADAI thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

22.     Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendant's violation of and non-compliance with the ADA and the FADAI because he plans on returning to the Subject Premises in the near future.

23.     Defendant has discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

24.     Defendant is in violation of the ADA, ADAAG, and FADAI and are discriminating against Plaintiff as a result of the following violations:

<u>MAIN ENTRANCE</u>

a. The entrance does not have signage displaying the international symbol of accessibility.
b. Maneuvering clearance on the pull side of the door has a non-compliant slope.
c. Doorway appears to have a non-compliant vertical change of level at the threshold.

<u>CASHIER'S COUNTER</u>

d. Check-out counter is mounted at a non-compliant height.

INTERIOR DINING AREA

e.  There are no accessible seating spaces provided.
f.  Lunch counter surface is mounted at a non-compliant height.
g.  Furniture encroaches into passage reducing it to a non-compliant width.

OUTSIDE SEATING AREA

h.  There is no accessible seating spaces provided.

UNISEX RESTROOM

i.  Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate.
j.  Water closet has a non-compliant rear wall grab bar.
k.  Water closet flush control is toward the wall side.
l.  Lavatory mirror's mounted at a height above the finished floor to bottom edge of its reflecting surface that is non-compliant.
m.  Toilet paper dispenser is mounted at a non-compliant distance from the front of the water closet.
n.  Lavatory encroaches over the water closet clear floor space due to cabinet.
o.  Lavatory does not provide the required knee clearance due to cabinet.
p.  Hand dryer protrudes into walkway projecting too far from back wall.
q.  Door lock hardware requires pinching, tight grasping or turning of the wrist to operate.

CONDIMENT DISPENSERS

r.  Condiment dispensers appear to be mounted at a non-compliant height above the finished floor.

ROUTE LEADING TO RESTROOM

s.  Boxes encroach into passage width reducing to a non-compliant width.

CHECK-OUT COUNTER

t.  Check-out counter appears to be mounted at a non-compliant height

25.    The discriminatory violations described herein may not be an exclusive list of Defendant's ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FADAI violations, and the remedial measures necessary to remove same, will

require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

26.     By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return to the Facility unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

27.     By maintaining a place of public accommodation with ADA violations, Defendant deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

28.     Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff are entitled to recover pursuant to 42 U.S.C. § 12205.

29.     Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I—CLAIM FOR INJUNCTIVE RELIEF

30.     Plaintiff re-avers and incorporates paragraphs 1–29 as if fully set forth herein.

31.     This action arises pursuant to the ADA.

32.     Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant NOPI because of Defendant NOPI's existing ADA violations.

JOMARRON | LOPEZ
ATTORNEYS AT LAW

33.     Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

34.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

35.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant NOPI contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

36.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff CARLOS G. BRITO respectfully requests this Court issue a permanent injunction enjoining Defendant NOPI ENTERPRISES, INC. d/b/a PIZZA RUSTICA from continuing its discriminatory practices, ordering Defendant NOPI to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant NOPI to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

## COUNT II—CLAIM FOR INJUNCTIVE RELIEF

37.     Plaintiff re-avers and incorporates paragraphs 1–29 as if fully set forth herein.

38.     This an action for injunctive relief pursuant to FADAI.

39.     Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant NOPI because of Defendant NOPI's existing FADAI violations.

40.     Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Facility without the relief demanded herein pursuant to the FADAI.

41.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Facility.

42.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the FADAI, Defendant NOPI contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

43.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff CARLOS G. BRITO respectfully requests this Court issue a permanent injunction enjoining Defendant NOPI ENTERPRISES, INC. d/b/a PIZZA RUSTICA from continuing its discriminatory practices, ordering Defendant NOPI to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendant NOPI to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 15th day of December, 2015.

Respectfully submitted,

By: /s/ Rafael Viego III
      Rafael Viego III, Esq.
      Florida Bar. No. 60967
      Mario E. Lopez, Esq.
      Florida Bar No. 98061
      **JOMARRON | LOPEZ**
      *Counsel for Plaintiff*
      4300 Biscayne Boulevard, Suite 305
      Miami, Florida 33137
      Telephone:    (305) 717-7530
      Facsimile:    (305) 717-7539
      E-mail:    mlopez@jltrial.com
      E-mail:    rviego@jltrial.com
      E-mail:    eservice@jltrial.com